### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY SPURGEON, individually and on behalf of all others similarly situated,** ) ) ) **Plaintiffs,** ) ) vs. ) ) **PACIFIC LIFE INS. CO.,** ) ) **Defendant.** ) | Case No. 04-cv-0355-MJR |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

In May 2004, Terry Spurgeon (as custodian for James Spurgeon, then a minor) filed a putative class action suit against Pacific Life in the Circuit Court of Madison County, Illinois. Spurgeon had purchased an annuity from Pacific Life. The lawsuit challenged Pacific Life's use of stale information to value the assets of the mutual funds in which Pacific Life's annuity sub-accounts are invested. Pacific Life removed the action to this Court. After reviewing jurisdictional memoranda, the undersigned Judge remanded the case to state court. Pacific Life appealed the remand to the United States Court of Appeals for the Seventh Circuit.

On April 5, 2005, in a consolidated appeal involving the above-captioned case plus remands of two similar cases from this District, the Seventh Circuit reversed and directed the three District Judges of this Court to "undo the remand orders and dismiss plaintiffs' state-law claims." ***Kircher, et al. v. Putnam Funds Trust, et al.*, 403 F.3d 478, 484 (7th Cir. 2005).** The undersigned Judge could not comply with that directive until the Seventh Circuit issued a mandate. The mandate was issued on May 10, 2005 and docketed by the Clerk's Office of this Court on May 18, 2005.

In the one-week interim between the issuance of the mandate and the undersigned Judge's notification of it (via docketing), Plaintiffs' counsel took a curious step. They filed an amended complaint in this Court under **FEDERAL RULE OF CIVIL PROCEDURE 15(a)** and, covering their bases, also moved for *leave* to amend the complaint (*see* Docs. 42, 43). The amended complaint, which contains common law negligence claims, attempts to disavow all claims based on federal securities law and all bases for federal subject matter jurisdiction. Amendment of the complaint was improper and neither supports a fresh remand of the case nor permits this Court to sidestep the Seventh Circuit's mandate.

That mandate is crystal clear. This Court must "undo" its remand Order and "dismiss plaintiffs' state-law claims." The Court now does so.

This Court **FINDS** that subject matter jurisdiction existed when the case was removed to this Court (May 21, 2004), and the federal statute in question (SLUSA) "blocks" Plaintiffs' claims contained in the original complaint. The Court now **DISMISSES** those state-law claims with prejudice, in accord with the April 5, 2005 mandate.

Until the undersigned Judge – via this Order – undid the remand of the case to Madison County Circuit Court, there was no viable complaint here for Plaintiffs to amend (as of right *or* with leave of Court). The Seventh Circuit's mandate and this Order **RENDER MOOT** the motion for leave to amend (Doc. 43) and negate the need for any hearing to be held.

The May 13, 2005 amended complaint (Doc. 42) will be **STRICKEN** by the Clerk of Court.

This Order also **RENDERS MOOT** Pacific Life's May 26, 2005 motion asking this Court to "enforce" the Seventh Circuit's mandate and dismiss Plaintiffs' claims (Doc. 50).

All claims herein having been resolved (dismissed with prejudice per the Seventh Circuit mandate), the Clerk of Court now will **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2005.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**