IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY SPURGEON, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC LIFE INS. CO.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 04-cv-0355-MJR<br>)  (7th Cir. Case # 05-3011)<br>)<br>)<br>)<br>) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Originally filed in Illinois state court, this putative class action suit was removed here by the Defendant mutual fund ("Pacific Life") in May 2004. This Court raised jurisdictional concerns on threshold review and directed the parties to file briefs. In June 2004, after reviewing the briefs, the undersigned Judge remanded this case to the Circuit Court of Madison County, Illinois. Defendant Pacific Life appealed to the United States Court of Appeals for the Seventh Circuit, where the appeal was assigned *Case Number 04-2687*.

In April 2005, in a consolidated appeal which included the above-captioned case plus several similar cases from this District (all of which had been remanded to state court), the Seventh Circuit reversed and directed the three District Judges of this Court to "undo the remand orders and dismiss plaintiffs' state-law claims." **Kircher, et al. v. Putnam Funds Trust, et al., 403 F.3d 478, 484 (7th Cir. 2005).** On May 27, 2005, in accord with the Seventh Circuit's mandate, the undersigned Judge "undid" his remand Order, found subject matter jurisdiction to lie, and dismissed Plaintiffs' claims with prejudice. Judgment was entered accordingly on May 31, 2005.

Plaintiffs appealed that Order. The Seventh Circuit assigned *Case Number 05-3011* but stayed the appeal, pending the result of other nearly identical market-timing cases on which the United States Supreme Court had granted certiorari.

Ultimately, in ***Kircher v. Putnam Funds*, 126 S. Ct. 2145, 2155-56 (2006)**, the Supreme Court concluded that the Seventh Circuit had lacked appellate jurisdiction to review this Court's Orders remanding the cases to state court. The Supreme Court found that the remand Orders were subject to **28 U.S.C. § 1447(d)**'s provision barring review of remands based on lack of subject matter jurisdiction. In effect, the Supreme Court in ***Kircher*** reversed the Seventh Circuit's reversal of this Court's remand Orders.

On October 16, 2006, the Seventh Circuit – again in a consolidated appeal, this time involving 23 similar market-timing suits – ruled that all but one of the suits in the appeal "must be remanded to state court," in the wake of ***Kircher***.

The Seventh Circuit divided the 23 appeals into three groups for analysis of the impact of the Supreme Court's June 2006 ***Kircher*** opinion: (1) the initial ten appeals; (2) the "Potter" group of eleven appeals, and (3) the "Parthasarathy" group of two appeals. Plaintiffs' appeal from this Court's dismissal Order (*Appeal No. 05-3011*) falls within the Potter group. As to that set of cases, the Seventh Circuit noted: "Each of these cases ... must return to the state court in which it was filed...."[1]

---

[1] The October 2006 Seventh Circuit decision also lists the appeal number from the *prior* appeal in this case (*Appeal No. 04-2687*), including *that* case in the first group of initial ten appeals. As to that batch of cases, the decision states: "the suits will return to Illinois courts under orders that the district court entered in 2004." Of course, *Appeal No. 05-3011* was the more recent appeal herein. If the parties believe any action needs to be taken as to the issuance of the mandate on the prior appeal number (*No. 04-2687*), they should file an appropriate motion or otherwise notify this Court.

The Seventh Circuit's mandate was issued November 14, 2006 and docketed in this Court on November 17, 2006.  Pursuant to that mandate, this Court hereby **VACATES** its May 31, 2006 judgment (Doc. 53) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.

IT IS SO ORDERED.

DATED the 20th day of November 2006.

>
> s/Michael J. Reagan
> MICHAEL J. REAGAN
> United States District Judge